IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Bertha Wallace, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   12 C 8772 |
| Jefferson Capital Systems, LLC, a Georgia limited liability company, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Bertha Wallace, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Bertha Wallace ("Wallace"), is a citizen of the State of Alabama, from whom Defendant attempted to collect a delinquent consumer debt she allegedly owed originally for a Fingerhut account, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Jefferson Capital Systems, LLC ("Jefferson"), is a Georgia limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  Jefferson operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant Jefferson was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Jefferson is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon, at times through other collection agencies.

6. Defendant Jefferson is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, Defendant Jefferson conducts extensive and substantial business in Illinois.

7. Defendant Jefferson is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B.  In fact, Defendant Jefferson acts as a collection agency in Illinois.

**FACTUAL ALLEGATIONS**

8. Ms. Wallace is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for a Fingerhut account.  At some point in time after that debt became delinquent, it was sold to a debt buyer, CompuCredit, and when CompuCredit began trying to collect the Fingerhut

Direct Marketing debt from her, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

9. Specifically, CompuCredit had Vision Financial Corp. ("Vision"), demand payment of the Fingerhut debt from Ms. Wallace, which did so via a letter dated March 11, 2011. A copy of this letter is attached as Exhibit C.

10. Accordingly, on April 8, 2011, one of Ms. Wallace's attorneys at LASPD informed CompuCredit, through its collection agent, Vision, that Ms. Wallace was represented by counsel, and directed that CompuCredit cease contacting her, and cease all further collection activities because Ms. Wallace was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

11. Defendant Jefferson then apparently bought Ms. Wallace's debt from CompuCredit, and sent Ms. Wallace a collection letter, dated November 4, 2011, demanding payment of the Fingerhut debt. A copy of this collection letter is attached as Exhibit E. Defendant Jefferson, as the purchaser of Ms. Wallace's account from CompuCredit, stands in the shoes of CompuCredit, which was given written notice that Ms. Wallace was represented by counsel, had refused to pay the debt and had demanded that collections efforts be ceased.

12. Accordingly, on December 22, 2011, Ms. Wallace's LASPD attorney had to send Defendant Jefferson a letter, directing, yet again, that communications and to collections had to cease. Copies of this letter and fax confirmation are attached as Exhibit F.

13. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

17. Here, the letter from Ms. Wallace's agent/attorney, LASPD, told Defendant Jefferson, through the prior debt buyer, in whose shoes Jefferson stands, to cease communications and cease collections.  By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendant Jefferson violated § 1692c(c) of the FDCPA.

18. Defendant Jefferson's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(a)(2) Of The FDCPA --
## Communicating With A Consumer Represented By Counsel

19. Plaintiff adopts and realleges ¶¶ 1-14.

4

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  <u>See</u>, 15 U.S.C. § 1692c(a)(2).

21. Defendant Jefferson knew, or readily could have known, that Ms. Wallace was represented by counsel in connection with her debts because her attorneys at LASPD had informed the prior debt buyer, in writing, that Ms. Wallace was represented by counsel, and had directed a cessation of communications with Ms. Wallace.  By directly sending a collection letter to Ms. Wallace (Exhibit <u>E</u>), despite being advised that she was represented by counsel, Defendant Jefferson violated § 1692c(a)(2) of the FDCPA.

22. Defendant Jefferson's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Bertha Wallace, prays that this Court:

1. Find that Defendant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Wallace, and against Defendant Jefferson, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Bertha Wallace, demands trial by jury.

Bertha Wallace,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: November 1, 2012

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com